**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1676-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERMAINE A. WILLIAMS,
a/k/a BLACK,

    Defendant-Appellant.

_____

Argued telephonically May 10, 2018 — Decided June 20, 2018

Before Judges Yannotti and Carroll.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
00-03-0263.

Jermaine A. Williams, appellant, argued the
cause pro se.

Christopher W. Hsieh, Chief Assistant
Prosecutor, argued the cause for respondent
(Camelia M. Valdes, Passaic County Prosecutor,
attorney; Christopher W. Hsieh, on the brief).

PER CURIAM

    Defendant Jermaine A. Williams appeals from an order entered

by the Law Division on November 30, 2016, which denied his second

petition for post-conviction relief (PCR) and his application for the assignment of counsel. We affirm.

## I.

A Passaic County grand jury charged defendant with first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count one); first-degree robbery, N.J.S.A. 2C:15-1 and 2C:2-6 (count two); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, 2C:15-1 (count three); first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a) (count four); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), 2C:2-6 (count five); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), 2C:2-6 (count six).

Defendant was tried before a jury. At the trial, the State presented evidence that, on the afternoon of September 26, 1999, defendant and two of his friends, Stuart Jones and Jahkeam Francis, gathered in Newark. They decided to travel by taxi to the home of Jahkeam's cousin, A.C., in Paterson.[1] Defendant was in possession of a silver handgun. Defendant said he needed money and would rob someone if he had the opportunity to do so.

Late in the afternoon, defendant, Jones, and Francis took a taxi to East Orange, and there they got into a livery cab that was

_____

[1] In this opinion, we use initials to identify certain individuals.

driven by another man. Defendant was seated in the rear with Jones. Francis sat up front, alongside of the driver. The cab stopped at A.C.'s mother's home and then proceeded to the intersection of North Fourth Street and Haledon Avenue in Paterson.

There, at approximately 5:30 p.m., defendant observed Miguel "Danny" Mercado on the sidewalk in front of his father's grocery store. Mercado, who was sixteen-years old, was talking to a friend. Mercado was wearing a thick, gold chain around his neck. The car stopped and defendant got out. He grabbed Mercado from behind, placed the gun to the right side of Mercado's neck and demanded that Mercado give him the chain.

Mercado resisted and attempted to extricate himself from defendant's grip. Mercado and defendant struggled. Defendant shot Mercado in the abdomen, took the necklace, and got back into the cab, which then drove off. Mercado died the following day as a result of the internal hemorrhaging caused by the gunshot wound in his abdomen.

After the robbery, the driver drove defendant, Jones and Francis to A.C.'s home. The driver dropped them off and left. A.C. was at home with her boyfriend, Rasheem White, and her daughter. Later that evening, defendant, Jones, and Francis went with A.C. and White to a club. They left at around 2:30 a.m. A.C. dropped defendant and Jones off at a location in Orange. Defendant told

Jones that he wanted to get rid of the gold chain. They sold the chain in New York City two days later.

Officers from the Paterson Police Department investigated the matter, and that investigation led them to A.C. and White, who gave statements to the police. Detective Richard Reyes testified that A.C. and Francis had identified defendant, Jones, and Francis from photo lineups. In October 1999, Jones was arrested. He initially denied involvement in the incident, but later said that defendant robbed and shot Mercado and he had been in the car at the time. Francis was arrested in March 2000. On June 16, 2000, defendant was arrested in York, Pennsylvania.

On count four, the jury found defendant not guilty of aggravated manslaughter, but guilty of the lesser-included offense of first-degree reckless manslaughter, N.J.S.A. 2C:11-4(a). The jury found defendant guilty on the other counts. At sentencing, the court merged counts two, three, and four with count one and sentenced defendant on that count to life imprisonment, with a thirty-year period of parole ineligibility. On count five, defendant was sentenced to a concurrent term of ten years, with a five-year period of parole ineligibility. On count six, the court sentenced defendant to a consecutive term of five years of incarceration, with two-and-one-half years of parole ineligibility.

4

Defendant appealed his conviction and sentence and raised the following issues:

> POINT I:
> THE PROSECUTOR COMMITTED MISCONDUCT, AND THUS DEPRIVED DEFENDANT OF A FAIR TRIAL, WHEN HE TOLD THE JURORS DURING SUMMATION THAT THEIR ROLE IN THE CASE WAS "ABOUT COURAGE" AND "ABOUT ALLOCATING RESPONSIBILITY."
>
> POINT II:
> THE COURT'S FAILURE TO INSTRUCT THE JURY TO APPLY SPECIAL SCRUTINY TO THE TESTIMONY OF ACCOMPLICES REQUIRES REVERSAL.
>
> POINT III:
> THE AGGREGATE SENTENCE OF LIFE PLUS FIVE YEARS, WITH A 32-1/2 YEAR PAROLE BAR, WAS MANIFESTLY EXCESSIVE UNDER ALL OF THE APPLICABLE CIRCUMSTANCES.
>
> POINT IV:
> THE CONVICTION FOR POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE SHOULD HAVE BEEN MERGED INTO THE FELONY-MURDER CONVICTION.

Defendant also filed a pro se brief and addendum in which he raised the following issues:

> POINT I:
> PROSECUTOR IN SUMMATION CALLING DEFENSE WITNESS A "BUM" PRODUCED PREJUDICIAL ERROR REQUIRING REVERSAL.
>
> POINT II:
> COUNSEL WAS INEFFECTIVE FOR STATING DEFENDANT WAS IN GETAWAY CAR OF ROBBERY DURING [HIS] OPENING ARGUMENT.
>
> POINT III:
> THE COURT'S JURY CHARGE OF FLIGHT WAS INAPPROPRIATE. TRIAL JUDGE INSTRUCTED JURY THAT IT "COULD INFER THAT DEFENDANT HAD FLED

SHORTLY AFTER ALLEGED COMMISSION OF CRIME";
SUCH INSTRUCTION TO JURY MAY HAVE SUGGESTED
THAT JUDGE BELIEVED DEFENDANT TO BE THE
PERPETRATOR OF CRIME. THEREFORE REQUIRING
REVERSAL.

POINT IV:
THE COURT'S CHARGE TO THE JURY ON
IDENTIFICATION WAS INADEQUATE AND INCOMPLETE
DEPRIVING DEFENDANT OF HIS RIGHT TO A FAIR
TRIAL UNDER BOTH THE NEW JERSEY AND FEDERAL
CONSTITUTION[S].

POINT V:
TRIAL COURT COMMITTED HARMFUL ERROR WHEN IT
OVERRULED DEFENDANT'S OBJECTION TO AN ALLEGED
OUT-OF-COURT IDENTIFICATION MADE BY SOMEONE
OTHER THAN THE POLICE OFFICER TESTIFYING IN
THE PROCEEDING. THUS, DEFENDANT WAS DENIED THE
RIGHT TO CONFRONTATION, AND IN EFFECT
[DEPRIVED] OF A FAIR TRIAL.

POINT VI:
THE HEARSAY RULE AND DEFENDANT'S
CONSTITUTIONAL RIGHT TO CONFRONTATION WERE
VIOLATED DURING THE COURSE OF THE TRIAL WHEN
[J.F.] TESTIFIED ABOUT HER BOYFRIEND'S
KNOWLEDGE OF THE ASSAILANTS AND THE CRIME.
CONSEQUENTLY, THE TRIAL COURT SHOULD HAVE
TRIED TO CORRECT OR INSTITUTE CURATIVE
MEASURES FOR THE HEARSAY TESTIMONY OF [J.F.]
IN REGARDS TO WHAT SHE SAID HER BOYFRIEND
ALLEGEDLY SAID.

We affirmed defendant's convictions. State v. Williams, No. A-3568-01 (App. Div. Feb. 26, 2004) (slip. op. at 10). We also rejected defendant's contention that his sentences were excessive, but vacated the separate concurrent sentence that the court had imposed on the conviction for possession of a weapon for an unlawful purpose. Ibid. We remanded the matter for entry of an

amended judgment of conviction merging the count charging that offense with count one, charging felony murder. Ibid.

## II.

In October 2004, defendant filed his first PCR petition, and the trial court assigned counsel to represent defendant. On October 18, 2006, the court denied the petition without a hearing. Defendant appealed and raised the following arguments:

> POINT I:
>
> THE [PCR] COURT SHOULD HAVE GRANTED THE DEFENDANT AN EVIDENTIARY HEARING ON THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF ON THE BASIS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> A: TRIAL COUNSEL FAILED TO ADEQUATELY INVESTIGATE AND PREPARE FOR TRIAL BY FAILING TO INTERVIEW AND CALL AN ALIBI WITNESS.
>
> B: TRIAL COUNSEL FAILED TO ADEQUATELY ADVISE THE DEFENDANT ON HIS RIGHT TO TESTIFY.
>
> POINT II:
> THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF SHOULD HAVE BEEN GRANTED DUE TO PROSECUTORIAL MISCONDUCT IN KNOWINGLY PRESENTING PERJURED TESTIMONY.
>
> POINT III:
> APPELLATE COUNSEL WAS INEFFECTIVE DUE TO HIS FAILURE TO RAISE THE ISSUE, ON DIRECT APPEAL REGARDING PROSECUTORIAL MISCONDUCT IN THE OPENING STATEMENTS.
>
> POINT IV:
> DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF SHOULD HAVE BEEN GRANTED BASED UPON A FLAWED JURY SELECTION PROCESS; THE DEFENDANT WAS NOT

7

> PERMITTED BY HIS ATTORNEY TO PARTICIPATE IN JURY SELECTION.

Defendant also filed a pro se brief in which he raised the following points:

> POINT I:
> POST-CONVICTION RELIEF COUNSEL FAILED TO ADVANCE ALL CLAIMS BY PETITIONER IN HIS PRO-SE PETITION. FAILURE OF COUNSEL TO [BRIEF], AND ARGUE INEFFECTIVE ASSISTANCE CLAIMS VIOLATES [RULE] 3:22-6(d)[.] COUNSEL ALSO FAILED TO ADVANCE GROUNDS INSISTED UPON BY DEFENDANT.
>
> POINT II:
> THE COURT ERRED IN REFUSING TO SET ASIDE DEFENDANT'S CONVICTIONS ON THE BASIS OF THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS. THAT CLEARLY VIOLATED THE [SIXTH] AMENDMENT.

We affirmed the denial of PCR. State v. Williams, No. A-1494-06 (App. Div. Sept. 25, 2008) (slip op. at 16-17). Defendant then petitioned the Supreme Court for certification. The Court denied the petition. State v. Williams, 197 N.J. 259 (2008).

It appears that in April 2009, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. On September 4, 2009, defendant filed his second PCR petition in the Law Division. On September 24, 2010, the Law Division dismissed the petition without prejudice. The court indicated that defendant could re-file the petition after his federal claims had been resolved.

On January 22, 2015, the federal district court denied defendant's habeas petition and refused to issue a certificate of appealability. Williams v. Ricci, No. 09-1822, 2015 U.S. Dist. LEXIS 7618, at *36 (D.N.J. Jan. 22, 2015). It appears defendant's Third Circuit appeal of that decision was unsuccessful. Thereafter, the Supreme Court of the United States denied his petition for a writ of certiorari. Williams v. Johnson, 136 S. Ct. 849 (2016).

III.

On February 9, 2016, defendant filed his PCR petition, in which he alleged: (1) James F. Avigliano, who represented co-defendant Jones, had a conflict of interest because he later became County Prosecutor; (2) the assistant prosecutor committed misconduct and violated R.P.C. 3.8(a) by prosecuting a case that was not supported by probable cause; (3) the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), because he failed to turn over certain exculpatory evidence to the defense; (4) his trial attorney was ineffective because he did not file a motion to dismiss the indictment; and (5) appellate counsel was ineffective because he failed to raise Avigliano's alleged conflict of interest on appeal.

The PCR court found that the petition was barred under Rule 3:22-12(a)(2) and Rule 3:22-4(b). The court nevertheless addressed

the claims and found that they lacked merit. The court also found

that defendant had not established good cause under Rule 3:22-6(b)

for the assignment of counsel. This appeal followed.

On appeal, defendant raises the following arguments:

> I. DEFENDANT['S] SECOND [PCR] IS TIMELY UNDER
> [RULE] 3:22-12[] BECAUSE IT WAS FILED BEFORE
> THE NEWLY AMENDED ONE-YEAR TIME REQUIREMENT,
> THE SECOND [PCR] HERE WAS FILED WITHIN THE
> [FIVE]-YEAR STIPULATION OF THE INITIAL [PCR]
> AND DISMISSED WITHOUT PREJUDICE BY THE TRIAL
> COURT BELOW, AND THEREFORE SHOULD BE
> CONSIDERED TIMELY (Not Raised Below).

> II. FORMER HEAD PASSAIC COUNTY PROSECUTOR
> JAMES F. AVIGLIANO COMMITTED A CONFLICT OF
> INTEREST DURING THE APPELLANT'S TRIAL AND
> APPEAL PROCESS. FIRST BY FAILING TO ALERT THE
> TRIAL COURT THAT HE WAS CAMPAIGNING[] AND
> SEEKING EMPLOYMENT WITH THE PASSAIC COUNTY
> PROSECUTOR'S OFFICE[] WHILE ASSISTING THE
> APPELLANT'S CO-DEFENDANT IN TESTIFYING
> AGAINST APPELLANT[] KNOWING WEEKS AFTER THE
> APPELLANT'S TRIAL, HE WOULD BE THE BOSS OF THE
> [INDIVIDUALS] THAT HE NEGOTIATED THE
> UNCONSITUTIONAL DEALS WITH. SECONDLY, DURING
> THE APPELLANT['S] FIRST [PCR] MR. AVIGLIANO
> ALSO COMMITTED A CONFLICT OF INTEREST[]
> BECAUSE HE NOW REPRESENTED THE PASSAIC COUNTY
> PROSECUTOR'S OFFICE, AND IT WAS ONLY WHEN THE
> APPELLANT WAS APPEALING HIS FIRST [PCR] THAT
> THE ATTORNEY GENERAL REVEALED THE CONFLICT IN
> VIOLATION OF THE APPELLANT'S [FIFTH, SIXTH,
> AND FOURTEENTH] AMENDMENT RIGHTS UNDER THE
> U.S. CONSTITUTION.

> III. FORMER PROSECUTOR WILLIAM J. PURDY
> COMMITTED MISCONDUCT BY PROSECUTING A CASE
> THAT WAS NOT SUPPORTED  BY PROBABLE CAUSE
> UNDER [RPC] 3.8(a). THE APPELLANT'S CO-
> DEFENDANT RASHEEM WHITE WAS THE FIRST OF THE
> [SUSPECTS] INITIALLY ARRESTED, AND THE

PROSECUTOR'S CASE HINGED OFF [SIC] HIS ILLEGAL INVOLUNTARY, INADMISSIBLE STATEMENT[] BECAUSE THE COMPLAINT (ARREST WARRANT) WAS SIGNED BY A POLICE OFFICER[ ]WHO WAS NOT AUTHORIZED TO ISSUE A WARRANT UNDER NEW JERSEY LAW[][.] IT WAS NOT SIGNED UNDER OATH BY THE PROPER JUDICIAL OFFICER. THE LAW ENFORCEMENT OFFICER WHO TOOK THE COMPLAINT, IN FACT[,] ISSUED THE WARRANT, AND THIS WAS IN VIOLATION OF THE APPELLANT'S [FOURTH AND FOURTEENTH] AMENDMENT CONSITUTIONAL DUE PROCESS RIGHTS. THE NEW JERSEY CONSTITUTION, ART. 1, PARA 7, STATES: THAT NO WARRANT SHALL ISSUE EXCEPT UPON PROBABLE CAUSE, SUPPORTED BY OATH OR AFFIRMATION.

IV. THE PROSECUTOR COMMITTED A DUE PROCESS VIOLATION OF BRADY[] BY FAILING TO [TURN OVER] EXCULPATORY EVIDENCE TO THE DEFENSE. THE APPELLANT'S TRIAL COUNSEL HAD REQUESTED THE 9-1-1 TAPE DURING THE TRIAL, AND THE PROSECUTOR FAILED TO [TURN OVER] THE TAPE TO THE DEFENSE, AND CONTINUES TO WITHHOLD THE EVIDENCE[] IN VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS UNDER THE U.S. CONSTITUTION, AND THE [PROSECUTOR'S] DISCLOSURE DUTIES.

V. TRIAL COUNSEL THOMAS KAISER WAS INEFFECTIVE[] FOR FAILING TO MOVE TO GET THE INDICTMENT DISMISSED AGAINST THE APPELLANT, DUE TO THE DEFECTIVE WARRANT THAT WAS IN VIOLATION OF THE APPELLANT'S FEDERAL[] AND STATE PROVISIONS [SIC]. THE PROSECUTOR WOULD NOT HAVE BEEN ABLE TO MOVE THE CASE FORWARD WITHOUT THE DEFECTIVE WARRANT, INVOLUNTARY[] AND INADMISSIBLE STATEMENT OF RASHEEM WHITE[] THAT TRIAL COUNSEL MR. KAISER FAILED TO HAVE SUPPRESSED, IN VIOLATION OF THE APPELLANT'S [SIXTH] AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND U.S. CONSTITUTION[S].

VI. APPELLANT'S INITIAL [PCR] APPEAL COUNSEL . . . WAS INEFFECTIVE DURING THE APPELLANT'S APPEAL PROCESS[] FOR FAILING TO ADDRESS THE

NEWLY DISCOVERED APPELLATE GROUND OF <u>CONFLICT OF INTEREST</u> THAT WAS REVEALED AGAINST THE NOW FORMER PROSECUTOR JAMES F. AVIGLIANO, IN VIOLATION OF THE APPELLANT'S [SIXTH] AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION.

IV.

As stated previously, although the PCR court found the petition was barred under <u>Rules</u> 3:22-12(a)(2) and 3:22-4(b), the court addressed the merits of the claims and found they were entirely without merit. We agree.

A. <u>Conflict of Interest</u>

Defendant argues that James F. Avigliano, who was co-defendant Jones's trial attorney, had a conflict of interest. Defendant asserts that Jones pled guilty, obtained a favorable plea agreement, and agreed to testify against defendant. Defendant notes that several months after the trial, Avigliano became County Prosecutor.

Defendant alleges Avigliano "had his hat in the prosecutor['s] arena" before his trial. He claims "everyone" in the prosecutor's office "had to feel some sort of pressure" from Avigliano knowing "he would soon be their boss." Defendant also notes that the Attorney General assumed responsibility for his direct appeal, which was pending after Avigliano became County Prosecutor.

The PCR court found that Avigliano's representation of co-defendant Jones did not result in the denial of defendant's constitutional right to a fair trial. The record supports the court's finding. Indeed, there is no evidence in the record to support defendant's claim that Avigliano and persons in the prosecutor's office knew at the time of trial that he would be appointed as County Prosecutor, or that Avigliano worked with the prosecutor's office to obtain a favorable plea agreement for Jones and prosecute defendant.

Moreover, the Attorney General stepped in and superseded the Passaic County Prosecutor's Office (PCPO) in the handling of defendant's direct appeal because Avigliano had become County Prosecutor, and he had previously represented one of the defendants charged in the indictment. The Attorney General's decision to supersede the PCPO for the appeal does not support defendant's claim that Avigliano had a conflict of interest during the trial court proceedings.

B. Alleged Prosecutorial Misconduct

Defendant argues the assistant prosecutor committed misconduct by purportedly prosecuting this case without probable cause. According to defendant, co-defendant White was arrested on the basis of a warrant that was not signed by a judicial officer

and not supported by probable cause. He claims White's unlawful arrest tainted his conviction.

Defendant argues that the statement White provided to the police regarding the robbery and shooting of Mercado should have been excluded at trial. The record shows, however, that White's statement was not the product of an allegedly invalid warrant. White was arrested at around 11:30 p.m. on September 29, 1999, based on an outstanding warrant for an unrelated crime. The police questioned White about the Mercado robbery and shooting. At around 2:45 a.m., White provided a statement. White then was arrested and charged.

Defendant claims that White's arrest on the charges related to the Mercado robbery and shooting was the product of an invalid arrest warrant. However, even if there was some technical flaw in the warrant, White's statement was not the product of that arrest. As noted, White provided his statement before that warrant was issued.

Moreover, as the PCR court noted, the State did not use White's statement as evidence against defendant at trial. Instead, the defense called White as a witness in an effort to exculpate defendant. White testified that although he was not in the car at the time of the shooting, he signed a typed statement placing him

14

in the car because he was told to sign it and he did "whatever they told [him] to do."

In any event, the PCR court correctly found that defendant's claim that the assistant prosecutor pursued a matter without probable cause was entirely without merit. Wholly aside from White's statement, the State had sufficient evidence to support defendant's indictment.

C. Brady Violation

Defendant asserts the State violated Brady by failing to provide the defense with a copy of a 9-1-1 call to police headquarters on September 26, 1999. The record shows that the assistant prosecutor agreed to provide the defense with a copy of the 9-1-1 recording. The assistant prosecutor told the court an unknown person made the call and reported the shooting. It was, the prosecutor stated, a "very brief call."

To establish a Brady violation, the defendant must show that "(1) the prosecution suppressed evidence; (2) the evidence is favorable to the defense; and (3) the evidence is material." State v. Martini, 160 N.J. 248, 268 (1999) (citation omitted). Here, there is no evidence that the State failed to provide the defense with a copy of the recording of the 9-1-1 call.

Moreover, defendant has not shown that the recording was exculpatory and material to the defense. According to the assistant

prosecutor, the caller merely reported the shooting and did not identify herself. The PCR court correctly determined that defendant had not shown that the State violated its obligation under Brady to provide the defense with material, favorable evidence.

D. Ineffective Assistance of Trial and PCR Counsel

Defendant further argues he was denied the effective assistance of counsel because his trial attorney did not seek dismissal of his indictment on the ground that White's arrest warrant was illegal. He also claims he was denied the effective assistance of PCR counsel because his attorney did not raise a claim regarding Avigliano's purported conflict of interest in the first PCR proceeding.

To establish a claim of ineffective assistance of counsel, the defendant must meet the two-part test established in Strickland v. Washington, 466 U.S. 668, 686 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987)). The defendant first must show that his attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

The defendant also must show that his counsel's "deficient performance prejudiced the defense." Id. at 687. The defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

Here, defendant failed to show that his trial attorney was deficient in failing to seek the dismissal of his indictment based on White's alleged illegal arrest warrant and his alleged coerced statement. As we stated previously, wholly aside from White's statements, there was probable cause for the indictment. Thus, if defendant's attorney had made such a motion, it would have been denied.

Defendant also failed to show that his PCR counsel erred by failing to raise Avigliano's purported conflict of interest in the first PCR petition. The claim was meritless and the result of that proceeding would not have been different if counsel had raised the issue.

In view of our decision, we need not address defendant's contention that the PCR court erred by finding that his second PCR petition was barred by Rules 3:22-12(a)(2) and 3:22-4(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17                                                                    A-1676-16T4